UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CITIBANK, N.A.,<br>One Court Square, 43rd Floor<br>Long Island City, New York 11120<br><br>Plaintiff,<br><br>vs.<br><br>SEED INTERNATIONAL, INC.,<br>43670 Trade Center Place, Suite 160<br>Sterling, Virginia 20166<br><br>Defendant. | Case No. 1:10-cv-00459 TSE/TCB |

## SECOND AMENDED AND VERIFIED COMPLAINT

Plaintiff Citibank, N.A. ("Citibank") through counsel, for its second amended and verified complaint in this matter against Defendant Seed International, Inc. ("Seed International"), alleges and states as follows:

### Introduction

1. This action arises from activity occurring in an account maintained by Seed International at a Citibank branch located in Chantilly, Virginia. On consecutive days in early March, 2010, agents of Seed International took actions, more fully discussed below, that had the effect of twice withdrawing all funds in Seed International's account at Citibank. All of the funds in question were deposited into an account maintained by Seed International at a branch of BB&T Bank ("BB&T") in Virginia, resulting in a double payment by Citibank for the ostensible benefit of Seed International.

2. As a result of Seed International's conduct relative to its accounts at Citibank and BB&T, Seed International has been unjustly enriched in the amount of $164,151.25. Citibank files this action against Seed International to obtain judgment in this amount, as well as appropriate orders ensuring the return of these funds from Seed International's account at BB&T.

### Parties

3. Citibank, N.A is a federally chartered national bank with its principal place of business in New York.

4. Seed International, Inc. is a Virginia corporation with its principal place of business in Sterling, Virginia.

### Jurisdiction and Venue

5. This action is brought by a federally chartered national bank with its principal place of business in New York against a defendant corporation with its principal place of business in Virginia. The amount in controversy exceeds $75,000. This Court has subject matter jurisdiction over this action based on the diversity of the parties pursuant to 28 U.S.C. § 1332.

6. Defendant is domiciled and regularly conducts business in Loudoun County, Virginia. Defendant is subject to the personal jurisdiction of this Court.

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(a).

### Factual Allegations

8. Defendant Seed International maintained a business checking account ("Citibank Account") at Citibank Branch No. 959, located at 13067 Lee Jackson Memorial Highway, Chantilly, Virginia 22033 ("Citibank Branch"). This action relates to two checks drawn on or against the Citibank Account and deposited by Seed International into an account it maintained at BB&T ("BB&T Account").

9.     On March 3, 2010, an authorized signatory of Seed International, Inc., Mr. Euntae Lee, drafted and executed a check, check no. 1097, drawn on the Citibank Account ("Check No. 1097"). Mr. Lee drafted Check No. 1097 payable to Seed International. The amount of Check No. 1097 was One Hundred Sixty-Four Thousand, One Hundred Fifty-One Dollars and Twenty-Five Cents ($164,151.25), which represented the full balance of the Citibank Account.

10.    A representative of Seed International, upon information and belief Mr. Lee, immediately deposited Check No. 1097 into the BB&T Account. Employees of BB&T immediately started processing Check No. 1097 for presentment to, and payment by, Citibank. After presentment of Check No. 1097 to Citibank, Citibank paid the check by crediting Seed International's BB&T Account with the full amount of the check, $164,151.25.

11.    Shortly after 11:00 a.m. on March 4, 2010, the day after drafting Check No. 1097 and depositing it at BB&T, Mr. Lee visited the Citibank Branch. On behalf of Seed International, Mr. Lee asked that Citibank prepare a cashier's check in the full amount of the balance showing in the Citibank Account. Mr. Lee made this request notwithstanding the fact that he had drafted and signed a check in this exact amount the day before.

12.    At the time that Mr. Lee came into the Citibank Branch, Citibank's electronic records did not show payment of Check No. 1097, which Mr. Lee had drafted the previous day and deposited into the BB&T Account. Accordingly, on the morning of March 4, it appeared that the full balance of One Hundred Sixty-Four Thousand, One Hundred Fifty-One Dollars and Twenty-Five Cents ($164,151.25) remained in the Citibank Account. Therefore, per Mr. Lee's request, Citibank employees prepared a cashier's check in the amount of One Hundred Sixty-Four Thousand, One Hundred Fifty-One Dollars and Twenty-Five Cents ($164,151.25) (the "Cashier's Check").

13. The Cashier's Check was made payable to Seed International and delivered to Mr. Lee. Representatives of Seed International brought the Cashier's Check to BB&T and arranged for its immediate deposit into the BB&T Account.

14. By drafting Check No. 1097 in the amount of $164,151.25, and by requesting the Cashier's Check from Citibank in the same amount, Seed International was able to cause the full amount of the account balance in the Citibank Account to be twice deposited into the BB&T Account. Despite demand, the amount of the second check deposited into the BB&T Account has not been returned to Citibank. Citibank has thus incurred losses in the amount of $164,151.25, plus pre-judgment interest running from March 4, 2010.

15. On May 14, 2010, the Court entered a temporary restraining order ("TRO") in this matter. The TRO specifically prohibits Seed International and/or anyone acting on its behalf from withdrawing or transferring the funds held in the BB&T Account.

16. On May 21, 2010, the Court converted the TRO into a preliminary injunction. The preliminary injunction confirms that Seed International and/or anyone acting on its behalf may not withdraw or transfer the funds held in the BB&T Account. As required by its express terms, the preliminary injunction has been served upon BB&T. The order granting Citibank's application for preliminary injunction also granted Citibank's oral motion to file this second amended complaint.

### Claims for Relief

### Count One
### (Breach of Contract)

17. Citibank incorporates the allegations in the foregoing paragraphs 1-16 as if fully set forth herein.

18. Citibank and Seed International entered into a binding contract governing their relationship as bank and customer. Pursuant to their account agreement, Seed International was obligated not to overdraw its account such that amounts beyond the current account balance were paid for the benefit of Seed International.

19. Seed International breached its contract with Citibank by executing and depositing Check No. 1097, in the amount of $164,151.25, and then by requesting and obtaining the Cashier's Check from Citibank in the same amount of $164,151.25. Since both of these checks represented the full amount of the balance in the Citibank Account, Seed International breached its contract with Citibank.

20. By depositing both Check No. 1097 and the Cashier's Check into the BB&T Account, and by obtaining payment of both instruments for its benefit, Seed International breached its account agreement with Citibank, causing pecuniary injury in the amount of $164,151.25.

WHEREFORE, Citibank prays for judgment against Defendant Seed International, Inc. in an amount to be proven at trial not less than $164,151.25, plus pre-judgment interest, costs, and attorneys' fees as permitted by the parties' account agreement.

### Count Two
### (Unjust Enrichment)

21. Citibank incorporates the allegations in the foregoing paragraphs 1-20 as if fully set forth herein.

22. As of March 3, 2010, Citibank held the amount of $164,151.25 for the benefit of Seed International in the Citibank Account. By paying Check No. 1097 and by issuing and paying the Cashier's Check for credit to Seed International in the BB&T Account, both in the

amount of $164,151.25 for a total payment of $328,302.50, Citibank conferred a substantial benefit upon Seed International.

23.   Agents of Seed International caused the issuance of both instruments as well as the deposit of both instruments into the BB&T Account. Seed International is aware that it has received credit for both instruments and that such credit appears in the BB&T Account. Seed International is and at all relevant times has been aware that Citibank conferred this benefit upon it.

24.   Seed International has refused, despite Citibank's requests, to instruct BB&T to return the $164,151.25 representing the funds which were unlawfully withdrawn by Seed International.

25.   Retention of the double benefit conferred by Citibank upon Seed International could only occur under circumstances that would render it inequitable for Seed International to retain the benefit without paying for its value. Seed International has therefore been unjustly enriched under Virginia law.

WHEREFORE, Citibank prays for judgment against Defendant Seed International, Inc. in an amount to be proven at trial not less than $164,151.25, plus pre-judgment interest, costs, and attorneys' fees as available under applicable law.

### Count Three
### (Statutory and Common Law Conversion)

26.   Citibank incorporates the allegations in the foregoing paragraphs 1-25 as if fully set forth herein.

27.   As of March 3, 2010, Citibank held the amount of $164,151.25 for the benefit of Seed International in the Citibank Account. By paying Check No. 1097 and by issuing and paying the Cashier's Check for credit to Seed International in the BB&T Account, both in the

amount of $164,151.25 for a total payment of $328,302.50, Citibank conferred a double benefit upon Seed International.

28.     By obtaining such double payment of the amount in the Citibank Account, Seed International exercised and assumed authority over the Cashier's Check and the monetary amount of $164,151.25, thereby depriving Citibank of the rightful possession of the Cashier's Check and the sum represented and contained in such instrument.

29.     By depositing the Cashier's Check in the amount of $164,151.25 into the BB&T Account, and by refusing to relinquish possession of such sum, Seed International has engaged in distinct acts of dominion wrongfully exerted over property in denial of and inconsistent with Citibank's rights to own and possess such property.

30.     Accordingly, Seed International is liable for conversion pursuant to Virginia common law, as well as Va. Code § 8.3A-420.

WHEREFORE, Citibank prays for judgment against Defendant Seed International, Inc. in an amount to be proven at trial not less than $164,151.25, plus pre-judgment interest, costs, and attorneys' fees as available under applicable law.

### Count Four
### (Fraud)

31.     Citibank incorporates the allegations in the foregoing paragraphs 1-30 as if fully set forth herein.

32.     As of March 3, 2010, Citibank held the amount of $164,151.25 for the benefit of Seed International in the Citibank Account. After drafting Check No. 1097 and depositing it into the BB&T Account, Mr. Lee, acting on behalf of Seed International, went to the Citibank Branch and requested a Cashier's Check in the same amount as Check No. 1097, $164,151.25.

33. By requesting issuance of the Cashier's Check on behalf of Seed International, Mr. Lee falsely represented, expressly or by implication, that Seed International at that time maintained a balance in the Citibank Account in the amount of $164,151.25 and that Seed International had the lawful right to receive an instrument in this amount. Mr. Lee on behalf of Seed International knew this to be false because he had earlier drafted and deposited Check No. 1097 in the same amount, $164,151.25.

34. Had employees in the Citibank Branch known the truth with respect to the activity in the Citibank Account, the Cashier's Check would not have been issued. Acting on behalf of Seed International, Mr. Lee made his fraudulent representations and/or omissions knowingly and intentionally and with the intent to deceive Citibank into issuing the Cashier's Check.

35. By issuing the Cashier's Check, Citibank relied to its detriment on the false representations and/or omissions made by Mr. Lee on behalf of Seed International. Citibank has suffered monetary damages proximately caused by Mr. Lee's fraud in an amount not less than $164,155.25.

WHEREFORE, Citibank prays for judgment against Defendant Seed International, Inc. in an amount to be proven at trial not less than $164,151.25, plus pre-judgment interest, costs, and attorneys' fees and other relief as available under applicable law.

### Count Five
### (Declaratory Judgment/Permanent Injunction)

36. Citibank incorporates the allegations in the foregoing paragraphs 1-35 as if fully set forth herein.

37. An actual controversy within the subject matter jurisdiction of this Court exists between Citibank and Seed International as to whether Plaintiff Citibank or Defendant Seed International is entitled to the proceeds of the second deposit into the BB&T Account of

$164,151.25. This Court has jurisdiction pursuant to 28 U.S.C. § 2201 to issue a judgment declaring the parties' respective rights and obligations with respect to these funds in the BB&T Account, which are currently subject to a preliminary injunction.

38. On May 21, 2010, this Court entered a preliminary injunction restraining any transfer or withdrawal of the funds in the BB&T Account until the claims and defenses at issue in this case have been adjudicated. By granting Citibank's application for this relief, the Court found that Citibank had established the elements necessary for issuance of a preliminary injunction.

39. BB&T has notice of the preliminary injunction and the funds are being held at BB&T subject to the terms of the preliminary injunction.

40. Citibank respectfully prays that the Court issue a declaratory judgment confirming Citibank's right to receive return of the funds currently held subject to the preliminary injunction in the BB&T Account. Citibank further prays that the Court enter a permanent injunction enforcing the declaratory judgment and requiring immediate return to Citibank of the funds currently subject to the preliminary injunction in the BB&T Account.

WHEREFORE, Citibank prays for declaratory judgment and a permanent injunction against Defendant Seed International, Inc., requiring return of the funds in the BB&T Account as set forth herein, plus pre-judgment interest, costs, and attorneys' fees as available under applicable law.

BALLARD SPAHR LLP

June 3, 2010

/s/ Jenelle M. Dennis
Daniel J. Tobin (admitted *pro hac vice*)
Jenelle M. Dennis (VSB 66569)
4800 Montgomery Lane, Suite 700
Bethesda, MD 20814-6354
Telephone: (301) 664-6200
Facsimile: (301) 664-6299
dennisj@ballardspahr.com

*Attorney for Plaintiff*

## VERIFICATION

I, David R. Greenlee, hereby state and affirm that I am employed as an Investigator at Citibank, N.A. ("Citibank").  I am the Investigator who has been principally responsible on behalf of Citibank for investigating the transactions involving Seed International, Inc. that are more fully alleged in the foregoing second amended complaint. I am authorized by Citibank to execute this Verification on its behalf.  Based on my investigation, I verify on behalf of Citibank that the factual allegations set forth in this second amended complaint are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 3, 2010

_David R. Greenlee_
David R. Greenlee

## Certificate of Service

I hereby certify that on June 3, 2010, a true and correct copy of the second amended and verified complaint was served via the Court's ECF system and first-class mail, postage prepaid on the counsel of record for Defendant, as follows:

Douglas Ross, Esq.
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, VA  22031

                                            /s/ Jenelle M. Dennis
                                            Jenelle M. Dennis